UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDIE ROYAL, CDCR #AI-8436,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>WARDEN PARAMO, et al.,<br><br>　　　　　　　　　　　　Defendants. | Civil No.　15-cv-2315 GPC (NLS)<br><br>**ORDER DISMISSING CIVIL ACTION:**<br><br>**1) FOR FAILING TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)**<br><br>**AND**<br><br>**2) FOR FAILING TO FILE A COMPLAINT ALLEGING FEDERAL JURISDICTION PURSUANT TO FED. R. CIV. P. 3, 8(a)(1)-(3) AND 12(h)(3)** |

　　　Freddie Royal ("Plaintiff"), a prisoner currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, and proceeding pro se, has filed a petition for preliminary injunctive relief requesting that a temporary restraining order be issued. *See* ECF Doc. No. 1. Plaintiff's motion alleges that he has been a victim of a "brown wall" of corrupt Hispanic prison officials at RJD who "continuously act outside of the law with no accountability." *Id.* at 2. He seeks

monetary damages and injunctive relief in the form of a court order transferring Correctional Officer Herrera from RJD, and the "immediate replacement" of personal property he claims Herrera confiscated from his cell. *Id.* at 3.

Because Plaintiff is proceeding without counsel, the Court liberally construed his motion as an attempt to commence a civil action, and assigned it Civil Case No. 15-cv-2315 GPC (NLS). *See Karim-Panahi v. Los Angeles Police Dept.,* 839 F.2d 621, 623 (9th Cir. 1988) (where a plaintiff appears in propria persona, the Court must construe his pleadings liberally and afford plaintiff any benefit of the doubt).

## I. FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

However, all parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).[2] *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence a civil action, nor has he submitted a Motion to Proceed IFP in compliance

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[2] Plaintiff also requests the appointment of counsel in the caption of his Motion. *See* ECF Doc. No. 1 at 1. "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp.* (*In re Hedges*), 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989); *see also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the appointment of counsel pursuant to § 1915(e)(1) first requires that the plaintiff has requested and has been determined eligible to proceed pursuant to the IFP statute due to indigency. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

with 28 U.S.C. § 1915(a). Therefore, no civil action can yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. FAILURE TO FILE COMPLAINT ALLEGING SUBJECT MATTER JURISDICTION

Moreover, "[t]he first step in a civil action in a United States district court is the filing of [a] complaint with the clerk or the judge." 4 Wright, Miller, Kane, Marcus & Steinman, FED. PRAC. & PROC. CIV. § 1052 (3d ed. 2002 & Supp. 2014); FED. R. CIV. P. 3 ("A civil action is commenced by filing a *complaint* with the court.") (emphasis added). Pursuant to FED. R. CIV. P. 8(a), a complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction," . . . (2) a short and plain statement showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a)(1)-(3).

Federal courts have limited jurisdiction, and limitations on the court's jurisdiction "must neither be disregarded nor evaded." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 894 (9th Cir. 2011) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). The Court must determine sua sponte whether it has subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004). *See also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Plaintiff's current submission is essentially a motion for a preliminary injunction; however, without the prerequisite of his having filed a complaint, the court lacks jurisdiction to entertain any request for injunctive relief. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 219 (1945) (noting that the issuance of an injunction "presupposes or assumes," among other things, "[t]hat the court has obtained jurisdiction of the persons of the defendants," and that the plaintiff "has stated a cause of action in [his] complaint."). In addition, while Plaintiff mentions being denied "adequate medical attention," personal property, and his right to "access to courts," *see* Pl.'s Mot. (ECF Doc. No. 1) at 2, 3, his motion does not allege that his

case arises pursuant to 42 U.S.C. § 1983, or that the Court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3). *See Watson v. Chessman*, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005) ("The court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged.").

Finally, "[a]n injunction may be defined as an order that is directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief *sought by a complaint* . . . ." *Gon v. First State Ins. Co.*, 871 F.2d 863, 865 (9th Cir. 1989) (emphasis added) (citation omitted); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (motion for preliminary injunction "must necessarily establish a relationship between the injury claimed in the . . . motion and the conduct asserted in the complaint."); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (3d Cir. 1997) (injunction cannot issue if it "is not of the same character, and deals with a matter lying wholly outside the issues in the suit."); *accord Stewart v. INS*, 762 F.2d 193, 198-99 (2d Cir. 1985); *Oba v. Goord*, 180 F.R.D. 244 (W.D.N.Y. 1998) (court is powerless to grant injunctive relief directed against officials not named in a complaint). Put simply, a motion for preliminary injunction is a request for relief, not a freestanding cause of action. *See Ricon v. Recontrust Co.*, 2009 WL 2407396 at *6-7 (S.D. Cal. 2009) (noting that a "request for injunctive relief is not a cause of action, but rather[,] is a remedy.").

Thus, because Plaintiff has not filed a complaint that alleges federal jurisdiction or "states a claim to relief that is plausible on its face," *Ashcroft v. Iqbal,* U.S. 662, 678 (2009) (citation omitted), his case must be dismissed. *See Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011) (noting court's obligation under the Prison Litigation Reform Act to "review, before docketing or as soon thereafter as practicable, any civil action brought by a prisoner seeking redress from a governmental entity, officer or employee," and its requirement to dismiss complaints or any portion thereof that are "frivolous, malicious, or fails to state a claim upon
/ / /

which relief may be granted," or "seek[ing] monetary relief from a defendant who is immune" pursuant to 28 U.S.C. § 1915A(a), (b)).

### III. CONCLUSION AND ORDER

Accordingly, the Court **DISMISSES** this action without prejudice based on Plaintiff's failure to pay the $400 filing fee required by 28 U.S.C. § 1914(a), failure to file a Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a), and his failure to file a complaint that alleges federal subject matter jurisdiction pursuant to FED. R. CIV. P. 3, 8(a)(1)-(3), and 12(h)(3).

However, the Court also **GRANTS** Plaintiff forty-five (45) days leave in which to re-open his case by either: (1) prepaying the $400 civil filing fee, *or* (2) filing a Motion to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(a), which includes a certified copy of his prison trust account statement for the 6-month period immediately preceding the filing of this action pursuant to 28 U.S.C. § 1915(a)(2); *and* (3) filing a Complaint that alleges federal subject matter jurisdiction and complies with FED. R. CIV. P. 8(a)(1)-(3).

If Plaintiff fails to do so, this civil action will remain dismissed without prejudice for the reasons explained in this Order and without any further action by the Court.

**IT IS SO ORDERED**.

DATED: December 14, 2015

HON. GONZALO P. CURIEL
United States District Judge